## STATE *v.* THOMAS GRIFFIN.

The Statute, which imposes a penalty for having in possession any mould, pattern, die, &c., adapted or designed for coining, is intended to reach every part of the apparatus of coining, however much more might be necessary to make that effective. Therefore, if it be shown that the respondent had in his possession one half of a mould, it is sufficient, without proof that he also had the other half.

State *v.* Griffin.

An allegation, in an indictment, that the respondent "ten pieces of false, forged and counterfeit coin and money" &c., "unlawfully and feloniously did forge, make and counterfeit" &c., is sufficient. The ambiguity arises only from the different sense in which the word "counterfeit" is used.

An indictment for having in possession counterfeit coin need not aver, that the denomination of coin, which was counterfeited, was "current by law, or usage, in this State," it being averred, that the coin was one of the current silver coins of the United States. The court will take judicial notice, that the current coins of the United States are current also in this State.

In such indictment it is not necessary to aver of what materials the counterfeit coin was made; and if averred, it need not be proved.

INDICTMENT. In the first count it was alleged, that the respondent, at Weybridge, "with intent the good people of this State and of the United States to deceive and defraud, with force and arms, on the tenth day of April, A. D. 1845, ten pieces of false, forged and counterfeit coin and money, of pewter, lead, tin, and zinc, and other mixed metals, in the similitude of the good, legal and current money and silver coins of the United States, which are current by law and usage in this State, called "half dollars," then and there unlawfully and feloniously did forge, make and counterfeit, contrary" &c. The second count was for having in possession counterfeit coin, with intent to pass the same. The third count was for having in possession divers moulds and patterns, adapted and designed for making counterfeit coin, with intent to use the same in coining counterfeit half dollars.

Upon the trial by the county court,—BENNETT, J., presiding,— no evidence was introduced, to show of what base metals the coin, claimed to have been counterfeit, was made; and this the court held was not essential, and so instructed the jury. Under the third count evidence was given, proving that in March, or April, 1845, the respondent had in his possession one half of a mould, made of cement, which had the impression of a half dollar upon it of the United States' coin, the end of which was broken off with about one third of the impression of the coin, and which the witness understood to be a part of a mould used to counterfeit half dollars; and it appeared, that the respondent proposed to the witness to engage with him in making counterfeit money. Another witness also testified, that, in May, 1845, the respondent exhibited to him the entire half of a

mould, made of cement, with the impression of a half-dollar of the United States' coin on one side of it, which the witness supposed to be a part of a mould used in counterfeiting half-dollars; and that the respondent then proposed to the witness to join with him in making counterfeit money. It also appeared in evidence, that, after this time, the respondent had in his possession six or seven counterfeit half-dollars, purporting to be of the United States' coin, then in an unfinished State, and claimed that he made them; and it appeared that all this occurred within the county of Addison.

The counsel for the respondent claimed, that such evidence was improper and insufficient to prove the offence charged in the third count in the indictment; but the court held, that the testimony was admissible, and referred its effect to the jury. After a verdict of guilty on each count the respondent moved in arrest of judgment for the insufficiency of the indictment; which motion the court overruled. Exceptions by respondent.

*Linsley* and *Beckwith* for respondent.

1. The first count does not allege, that the respondent did any act prohibited by the statute. It is averred, that he counterfeited false, forged and counterfeit coin.

It is not alleged, in this count, that the coins counterfeited were current at the time they were so counterfeited, but that they *are* current, when the indictment is found.

2. In the second count the material allegation, that the respondent knew the coins to be false, forged, &c., is without time and place. To this count this is clearly fatal. 3 Bac. Abr. 561. *State v. Bacon*, 7 Vt. 219.

It is alleged, in this count, that the respondent *unlawfully* intended to pass and give in payment the counterfeit coins. " Unlawful " is not descriptive of any criminal intent.

3. It is charged, in the third count, that the respondent had the moulds unlawfully in his possession; but it is not alleged, that he purposed to use them to defraud, which is the very essence of the offence. It is not stated, even, that he intended to use them unlawfully.

4. The indictment having alleged the kind of materials used, it is descriptive of the coins manufactured; and though the allegation

State *v.* Griffin.

might not have been necessary, yet, having been made, it must be proved.

5. There was no direct proof of the existence of any moulds, such as described in the indictment; the rules of criminal law do not permit the *corpus delicti* to be made out by inference; because the respondent had pieces of moulds, it is inferred that he had entire moulds; and because he had false coin, it is inferred that he had the moulds, with which it was coined.

*Grandy*, state's attorney.

1. The facts set forth are sufficient, in law, to sustain the indictment. Rev. St. 435. 2 Chit. Cr. Law 104. *State v. Randall*, 2 Aik. 89. 2 Russ. on Cr. 705. *State v. Munger*, 15 Vt. 290.

2. It was not necessary to prove of what base metals the counterfeit coin was made. Rev. St. 435. 2 Russ. on Cr. 705. 1 Ib. 76. *State v. Munger*, 15 Vt. 290. *State v. Bacon*, 7 Vt. 219.

3. The evidence admitted by the court to prove the offence charged in the third count was proper evidence for the jury.

The opinion of the court was delivered by

Redfield, J. This case comes before this court upon exceptions and a motion in arrest of judgment. The exceptions are founded upon an alleged defect in the proof of the *corpus delicti*.

1. The effective words of the Statute, so far as this case is concerned, are, "If any person shall have in his possession any mould, pattern, die, &c., or other tool, or instrument, adapted or designed for coining," &c. The alleged defect in the proof in this case is, that the respondent had only the mould for *one side* of the coin, and that, to constitute the entire offence, the person must have in his possession what will mould, at the least, one entire coin. This reasoning is ingenious, but is certainly fallacious. The same severity of criticism would exempt from the operation of the statute every tool, or instrument, if it had any material defect, so that, in its present form, it could not be applied to the purposes of coining; or, if one side of the mould were found in one man's possession, and the other half in that of another, and no concert were shown between them, would put the case beyond the reach of the statute.

26

The statute was intended to reach every *part* of the apparatus for coining, however much more might be necessary, to render that part effective.    A die, without any engine, or press, would be useless ; so, too, of a punch, without any other tool ; and yet these are specifically enumerated in the statute.

2.   The objection, that the respondent is charged, in the indictment, only with making coin in imitation of the false, and not of the true coin, is fully answered by the case of *State* v. *Randall,* 2 Aik. 89.   This confusion of ideas arises only from the ambiguous use, to which the verb " counterfeit " is applied.   Both the coin made and that in imitation of which it is made are said to be counterfeited, the one in an active and the other in a passive sense.   In the one case the action is *effective,* and in the other not.   In the one case the productiveness of the action centres in the object, in the other it is reflected from it.

3.   The allegation, " which *are* current by law and usage in this State," would, by reasonable intendment, have reference to the time of presenting the indictment, rather than the time of having in possession, and would, therefore, be bad, unless such averment is wholly unnecessary and may therefore be rejected as surplusage. And we think it may be.   For neither the law or usage of this State can have effect to create currency; and we cannot suppose that the legislature, in enacting the statute, had reference to any other currency, except the legal currency of the United States.   And in this indictment it is alleged, that the coin was in imitation of the current money and silver coin of the United States, called half-dollars.   This is sufficient; and the additional averment, that they *were* current by law, or usage, in this State, is only drawing a conclusion from the general state of the laws of this State and the United States, which will always be judicially noticed by the court.

4.   The materials, of which the false coin is made, need not be averred, and, if so set forth, need not be strictly proved, since it is in no sense descriptive of the offence, or essential to the identity of the conviction.   The allegation of the materials, of which the coin is made, is found in all the forms of indictment for offences against the currency ; but in none of the books is any mention made of the necessity of proof upon this point.   Arch. Cr. Pl. 320, 321 *et seq.*

3 Stark. Ev. 309–311. 1 Russ. on Crimes 79 *et seq.* Hence I conclude, that a mere defect of proof upon this point is never deemed essential.

Judgment that the respondent take nothing by his exceptions, or motion in arrest, and sentence awarded.